UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RCB EQUITIES #3, LLC,

                    Plaintiff,

    -against-

ALMA BUILDING, LLC, FRED BOGORAZ,
and DAVID GOLUB,

                    Defendants.    X
----------------------------------------

**ORDER ADOPTING REPORT AND RECOMMENDATION**

11-CV-1004(KAM)(RML)

**MATSUMOTO, United States District Judge:**

        On March 2, 2011, Greystone Bank ("Greystone") commenced this action against defendants Alma Building, LLC, Fred Bogoraz, and David Golub (collectively, "defendants") to foreclose on a first mortgage lien on certain real property located at 95-01 103rd Avenue in Queens, New York (the "Property"). (*See generally* ECF No. 1, Complaint ("Compl.").) Following the acquisition by RCB Equities #3, LLC ("RCB" or "plaintiff") of the note and mortgage at issue in this action, RCB was substituted for Greystone as plaintiff in the action. (Order dated 7/15/2011.) Presently before the court is a Report and Recommendation issued by Magistrate Judge Robert M. Levy on February 22, 2012, recommending that this court order the foreclosure and sale of the Property pursuant to the terms in plaintiff's proposed order and enter judgment in favor of plaintiff and against defendant in the amount of $727,608.36, comprised of: (i) $642,114.74 in unpaid principal; (ii) $26,994.17 in regular interest, plus additional interest accrued

at a daily rate of $65.97 from February 1, 2012 until the date of judgment; (iii) $40,180.69 in default interest, plus additional interest accrued at a daily rate of $87.96 from February 1, 2012 until the date of judgment; (iv) $6,440.83 in amounts advanced for property taxes; (v) $572.24 in late fees; (vi) $196.64 for a broker price opinion report; (vii) $8,824.14 in attorneys' fees; and (viii) $2,284.41 in costs.[1] (ECF No. 14, Report and Recommendation, dated 2/22/2012 ("R&R"), at 13-14.)

The Report and Recommendation directed plaintiff's counsel to serve a copy of the Report and Recommendation on defendant and to promptly file a declaration of service with the court. (Id. at 14.) Plaintiff sent a copy of the Report and Recommendation to each defendant on February 22, 2012 and filed a declaration of service on the same date. (ECF No. 15, Certificate of Service, dated 2/22/2012.)

As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of the date of the Report and Recommendation. (ECF No. 14, R&R, at 14.) The statutory period for filing objections has expired, and no objections to Magistrate Judge Levy's Report and Recommendation have been

---

[1] The Report and Recommendation also recommended that the court dismiss plaintiff's second, third, and fourth causes of action because plaintiff withdrew those claims. (ECF No. 14, R&R at 5; ECF No. 13-1, Supplemental Declaration of Rachel Kramer, dated 2/10/2012, ¶ 2.) The court accepts plaintiff's dismissal of the second, third, and fourth claims, and accordingly, those claims are dismissed.

2

filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the Report and Recommendation, and considering that defendants have failed to object to any of Magistrate Judge Levy's thorough and well-reasoned recommendations, the court finds two small computational or typographical errors. First, it appears that the Report and Recommendation made a computational error in calculating the total recommended award. Specifically, the total correct sum of the individual recommended awards is $727,607.86, not $727.608.36, a difference of $0.50. (ECF No. 14, R&R at 1, 14.) Second, although the Report and Recommendation recommended that the court award plaintiff $196.64 to cover the unpaid portion of a broker price opinion report conducted on the Property (*id.* at 10), in fact plaintiff has established that $196.94 is still owed for the broker opinion price report, a difference of $0.30 (ECF

No. 13, Supplemental Declaration of Alix Pierre, dated 2/10/2012, ¶ 22). Accordingly, the court will award plaintiff $196.94 for the unpaid portion of a broker price opinion report conducted on the Property. After making these corrections, the court finds that judgment should be entered in favor of plaintiff against defendant in the amount of $727,608.16.

The court finds no further clear error in Magistrate Judge Levy's Report and Recommendation and hereby affirms and adopts the Report and Recommendation, with the aforementioned corrections, as the opinion of the court.

## CONCLUSION

For the foregoing reasons, the court orders that (1) the foreclosure and sale of the Property shall proceed pursuant to the terms set forth in a separate judgment to be entered by this court; (2) plaintiff's second, third, and fourth causes of action are dismissed; (3) a default judgment shall be entered against all defendants in the amount of $727,608.16, plus pre-judgment interest at a daily rate of $153.93 from February 1, 2012 through the date of entry of judgment and post-judgment interest at the statutory judgment rate through the date of sale.

The Clerk of the Court is respectfully requested to close the case. Plaintiff shall serve a copy of this Memorandum and Order upon defendants and file a certificate of service by March 13, 2012.

**SO ORDERED.**

Dated:   March 12, 2012
         Brooklyn, New York        s/ KAM

                                   _____
                                   Kiyo A. Matsumoto
                                   United States District Judge
                                   Eastern District of New York